IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DALLAS V. CHRISTENSEN,<br><br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 2:18-CV-744 TS<br>Criminal Case No. 2:16-CR-549 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

Petitioner was charged in a Felony Information on November 3, 2016, with possession of heroin with intent to distribute and being a felon in possession of a firearm. Petitioner pleaded guilty to Count Two on April 10, 2017. Petitioner was sentenced on July 10, 2017, and Judgment was entered on July 13, 2017. Petitioner mailed the instant Motion to the Court on August 17, 2018.

II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] 28 U.S.C. § 2255(f) provides,

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on July 13, 2017. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on July 27, 2017.[3] As a result, Petitioner was required to submit his petition by July 27, 2018, for it to be considered timely under this provision. Petitioner did not submit his Motion until August 17, 2018, nearly one month too late. Petitioner makes no argument that his Motion is timely under the other provisions of § 2255(f). Therefore, the Court finds that it is barred by the statute of limitations.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances."[4] "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases).

[4] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted).

prevented timely filing."[5]  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."[6]

Petitioner provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here.  Petitioner simply states that he was unaware of the statute of limitations.  This is insufficient to allow for tolling.[7]  Petitioner also states that he believes the right to habeas corpus is held by all citizens and that his motion should be heard.  To the extent Petitioner is arguing that the statute of limitations is an unconstitutional suspension of the writ of habeas corpus, the Court must reject this argument.[8]  Therefore, the Court will dismiss the Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:18-CV-744 TS) is DENIED and DISMISSED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

---

[5] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted).

[6] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

[7] *United States v. Buckaloo*, 257 F. App'x 88, 90 (10th Cir. 2007) (stating that lack of knowledge of § 2255 is not sufficient to support equitable tolling).

[8] *United States v. Carpenter*, 598 F. App'x 576, 581 n.3 (10th Cir. 2015) ("Mr. Carpenter's argument that AEDPA's statute of limitations is an unconstitutional suspension of the writ of habeas corpus is without arguable merit."); *see also Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998) (rejecting argument that limitations period in § 2244(d)(1) violated the Suspension Clause).

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 25th day of September, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge